Washington,
 
 3.
 

 delivered the opinion of the Coot? as follows:
 

 
 *202
 
 The question certified to this Court, by the Circuit Court for the district of .Virginia, and upon which the opinion of this Court is required, is, whether, after the expiration of the original patent granted, to Oliver Evans, a general right to use his discovery was not so vested in the public as to require and justify such a construction of the act pkssrd in January, 1808, entitled
 
 “
 
 an act for the relief of Oliver Evans” as to exempt from either treble or single damages, the use, subsequent to the passage of the said act, of the machinery therein mentioned, which was erected subsequent to the expiration of the' original pati nt and previous to the passage of the said act.
 

 The act, upon the construction-of which the judges of the Circuit Court, were' opposed in opinion, directs a patent to be granted, in the form prescribed by law, to Oliver Evans for 14 years, for the full and exclusive right of making, constructing, using, and vending to be used, his'invention, discovery and improvements in the art of manufacturing flour and meal, and in the several machines w’hich he has discovered, invented, improved, and applied to that purpose.
 

 The
 
 proviso
 
 Upon which the question arises is in the following words : “ provided. that no person who may-have heretofore paid the said Oliver Kvans for license to use the said improvements, shall be obliged to renew said license, or be subject to damages for not renewing the same ; and,
 
 provided,
 
 also■ that no person who símil have used the said improvements, or have erected the same for use, before tlr* issuing of the said patent, shall be liable to damages therefor ”
 

 The language of this last proviso is so precise, and so entirely free from all ambiguity, that it is difficult for any course of reasoning to shed light upon its meaning. It protects against any claim for damages which Evans might, make, those who may have used his improvements, or who may h'avb erected them for
 
 usp, prior to the issuing of his patent
 
 under this law. The protection is limited to acts done prior to another art thereafter
 
 t«
 
 be performed, to wit,-theissuingofthe patent.. To extend it, by construction to acts which might, be done subsequent to the issuing of the patent, would be to make, not to interpret the law.
 

 
 *203
 
 The injustice pf denying to the Defendants the use of machinery which they had erected aiter the expiration of Evans’s first patent and prior to the passage of this law, has been strongly urged as a reason \yhy the words of this proviso should be so construed as to have a pros-p.ective operation. But it should be recollected that the right of tire Plaintiff to recover damages for using his improvement after the issuing of his patent under this law, although it had been erected prior thereto, arises, not under this law, hut under the general law of the 21sN>f February, 1793.
 
 *
 
 The provisoes in this law profess to protect against the operation of the general law, three classes of.persons; -those who had paid Evaris for a license prior to (lie passage of the law; those who
 
 may have used
 
 his improvem,
 
 nts;
 
 and those who
 
 may have erected
 
 them for úse, before the'issuing of the patent.
 

 The legislature might have proceeded still further, by providing a shield for persons standing in the situation' of these Defendants. It is believed tiiat the reasonableness of such a provision could have been questioned by no one. But the legislature have not thought proper to. extend the protection of these provisoes beyond the issuing of the. patent under that law, and this Court would transgress the limits of judicial power by an attempt to supply, by construction, this, supposed omission of the legislature. The argument, founded upon the hardship of this and similar cases, would be entitled to great weight, if the words of this proviso were obscure and open to construction. But considerations of this nature can never sanction a construction at variance with the manifest meaning of the legislature, expressed in plain and unambiguous language.
 

 The. argument of the Defendants counsel that unless the construction they contend for be adopted, the proviso is senseless and inoperative, is susceptible of the same answer.
 

 
 *204
 
 Whether the proviso was introduced from abundant caution, or from an opinion reálly entertained by the legislature tiiat those who migiit have erected these improvements or might have used them prior to the issuing of the patent, would be liable to damages for having done it is impossible for this Court to say. It is not difficult however to imagine a state of things which migiit have afforded some ground for such an opinion.
 

 Although this Court has been informed, and the judge, who delivers this opinion knows, that the former patent given to Evans had been adjudged tobe void by the Circuit Court of Pennsylvania, prior to the passage of this law, yet that fact is not recited in the law, nor does it appear that it was within the view of the legislature/ and if that patent right liad expired by its own limitation, the legislature migiit. well make it a condition of tlie'new grant that the patentee should not disturb those who had violated the former patent. This idea was certainly in the mind of the legislature- which passed the act of the 21st of February, 1793. which after repealing the act of the 10th of April, 1790, preserves the right» of patentées under the repealed law only in relation to violations committed after the passage of the repealing law.
 

 If the decision above mentioned was made known to tlie legislature, it. is not impossible but that a doubt might have existed whether the patent was thereby rendered void
 
 ab initio,
 
 or from the time of rendering the judgmentj and if the latter, then the proviso would afford a protection against all -preceding violations. But whatever might be the inducements with the legislature to limit the proviso, 'under consideration, as we find it, this Court cannot, introduce a different, proviso totally at variance with it in language and intention.
 

 It is the unanimous opinion of this Court that the act passed in January, ISOS, entitled « an act for the relief of Oliver Evans,” ought not to be iso construed as to exempt from either treble or single damages, the use, subsequent to the passage of the said act, of the machinery '(.herein mentioned, which was erected subsequent to the expiration of the. original patent, and previous to the pas - sage of the said act. Which opinion is ordered to be certified to the Circuit Court for the district of Virginia..
 

 *
 

 ■
 
 The 5th § of the act of 21st of February, 1793, which is the only section of that Act which gives damages for violation of the patent right, is repealed by the 4th the act of the 17th of April, 1800, vol.* 5, p. 90, the'3d § of which act gives treble damages, for the violation of any patent granted pursuant t© that act, ot the act of 1793,